UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KATE VIEMEISTER-HEESEMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX CREDIT INFO SERVICE, INC.**, *et al.*,<br><br>Defendants. | Civil Action No. 20-19582 (MAS)(LHG)<br><br>**PRETRIAL SCHEDULING <u>ORDER</u>** |

      **THIS MATTER** having come before the Court on June 7, 2021 for an initial conference pursuant to <u>Fed. R. Civ. P.</u> 16; Jeremy M. Glapion, Esq., of the Glapion Law Firm, appearing on behalf of Plaintiff; Alnisa S. Bell, Esq., of Seyfarth Shaw LLP, appearing on behalf of Defendant Equifax Credit Info Service, Inc.; Dorothy A. Kowal, Esq., of Price, Meese, Shulman & D'Arminio, PC, appearing on behalf of Defendant Experian Information Solutions, Inc.; the Court having set certain deadlines with the participation of counsel; and for good cause shown,

      **IT IS** on this **22nd** day of **June, 2021,**

      **ORDERED** that the parties shall serve initial disclosures under Rule 26 by no later than **July 9, 2021**; and it is further

      **ORDERED** that the parties shall serve initial written discovery requests by no later than **July 9, 2021**; and it is further

      **ORDERED** that any motion to amend the pleadings or join new parties must be with leave of Court and filed no later than **August 13, 2021**, and made returnable by **September 7, 2021**; and it is further

      **ORDERED** that fact discovery is to remain open through **November 30, 2021.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

      **ORDERED** that the parties shall serve any affirmative expert reports by no later than **January 7, 2022**; and it is further

**ORDERED** that the parties shall serve any rebuttal expert reports by no later than **February 7, 2022**; and it is further

**ORDERED** that the parties shall complete all expert discovery by **March 7, 2022**; and it is further

**ORDERED** that dispositive motions may be filed by no later than **April 8, 2022**, made returnable **May 2, 2022**. Counsel are to notify Chambers within five days of a decision on any dispositive motions if the decision does not resolve all issues in the case; and it is further

**ORDERED** that a telephone status conference will be held before the undersigned on **August 13, 2021 at 9:30 a.m.**; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought to the Court's attention by joint letter setting forth the nature of the dispute and any efforts to resolve it. **No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)**; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is further

**ORDERED** that counsel are further directed to meet together by agreement, initiated by Defendants' counsel no later than twenty days before the date of the pretrial conference to:

    a. discuss settlement;

    b. stipulate to as many facts and issues as possible;

    c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. Counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d. examine all exhibits and documents proposed to be used at trial; and

    e. complete all other matters which may expedite both the pretrial and trial of the case.

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of the counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the final pretrial conference counsel should be prepared to discuss settlement of the case.  Clients must be available by telephone; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies and small objects.  For further information, please contact the Courtroom Deputy Ivannya Fitzgerald at 609-989-2114.

**LOIS H. GOODMAN**
**United States Magistrate Judge**